UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BCH5036 LLC, | ) |
| | ) |
| Plaintiffs, | ) Case No. 23-cv-01125 |
| | ) |
| v. | ) Judge Sharon Johnson Coleman |
| | ) |
| SHERIDAN MAZEL, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff BCH5036 LLC ("BCH") brings a two-count claim against Defendants Sheridan Mazel, LLC ("Sheridan Mazel") and AREIT 2022 CRE7, LLC ("AREIT"). BCH alleges reformation against Sheridan Mazel and AREIT, and unjust enrichment against Sheridan Mazel. Sheridan Mazel and AREIT move to dismiss BCH's claims. For the reasons explained below, the Court grants Sheridan's Mazel's and AREIT's motion to dismiss [16][22], without prejudice.

**Background**

This case stems from a property dispute over a parking lot. The two relevant proprieties are 5042 North Sheridan Road, a vacant parking lot ("Parking Lot"), and 5036 North Sheridan Road, a 71-unit apartment building ("Apartment Building"). The Parking Lot and Apartment Building were jointly transferred, via quit claim deed, from Camel Halim to BCH in August 2004.

Although the quitclaim deed lists the index number for both the Parking Lot and Apartment Building, BCH alleges it only sought to sell the Apartment Building in 2021. BCH advertised the sale of the Apartment Building through flyers, which did not mention the Parking Lot.

In November 2021, Rockwood Capital Group, LLC ("Rockwood") sent a letter of intent ("LOI") to BCH, expressing their interest in acquiring the Apartment Building. There was no mention of the Parking Lot in the LOI. BCH agreed to Rockwood's LOI and purchase proposal.

Rockwood then nominated YHCHILL Portfolio, LLC ("YHCHILL") to negotiate the Pruchase and Sales Agreement ("PSA") of the Apartment Building. According to BCH, the Parking Lot was never mentioned in the negotiations between YHCHILL and BCH. YHCHILL and BCH exchanged several drafts of the PSA, which described the Apartment Building as "the apartment building located at 5306 North Sheridan, Chicago Illinois." One revised draft of the PSA referenced "parking facilities." This reference was later stricken. However, the final PSA included the description of the Parking Lot and the Apartment Building.

After the parties entered into the final PSA, YHCHILL conducted due diligence and requested surveys, leases, and rent rolls for the Apartment Building, none of which mentioned the Parking Lot.

YHCHILL hired Meister Abstract Corporation to issue the title commitment for the transfer of the Apartment Building, which also included language referring to the Apartment Building and the Parking Lot.

Prior to closing, YHCHILL assigned the PSA to Sheridan Mazel. BCH's paralegal prepared the deed for the transfer of the Apartment Building, which included the legal description of the Parking Lot. BCH alleges from the time the PSA was drafted to closing, that the same attorney represented the parties on the purchaser side of the transaction.

Because Sheridan Mazel paid $27 million for the transaction, it entered into a loan agreement with Argentic Real Estate Investments, LLC for financing, which was eventually assigned to AREIT. AREIT currently holds the mortgage securing Sheridan Mazel's loan.

After closing, BCH noticed that the Parking Lot was included in the deed and BCH sought for Sheridan Mazel to correct the alleged mistake. However, Sheridan Mazel refused to change the deed to exclude the Parking Lot, prompting BCH to bring this suit.

**Legal Standard**

When considering a Rule 12(b)(6) motion, the court accepts all the plaintiff's allegations as true and views them "in the light most favorable to the plaintiff." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). A complaint must contain allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be more than speculative. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

**Discussion**

*Reformation*

BCH seeks reformation of the deed, alleging that the inclusion of the Parking Lot was a mistake and does not reflect the parties' intentions. Sheridan Mazel and AREIT both argue BCH fails to sufficiently plead reformation for two reasons: (1) BCH does not allege an agreement between the parties and (2) BCH fails to allege mutual mistake or fraud on behalf of Sheridan Mazel and AREIT.

The Illinois Supreme Court has long held a party can reform a contract by showing (1) a meeting of the minds, resulting in an actual agreement between the parties; (2) the agreement was reduce to writing; and (3) when the agreement was reduced to writing, some agreed or not agreed upon provision was omitted or inserted through (a) mutual mistake or (b) mistake by one party and fraud by the other. *Indiana Ins. Co. v. Pana Cmty. Unit Sch. Dist. No. 8*, 314 F.3d 895, 904 (7th Cir. 2002) (citing *Alliance Syndicate v. Parsec, Inc.*, 318 Ill.App.3d 590 (2000)).

Concerning the first element, Sheridan Mazel argues BCH fails to allege any agreement to exclude the Parking Lot existed between them. Sheridan Mazel specifies that it did not engage in drafting the PSA—the only time BCH alleges the exclusion was mentioned. AREIT argues that

3

BCH fails to allege that they had *any* previous agreement, as AREIT is a stranger to deed since it only holds Sheridan Mazel's mortgage.

BCH responds it "set forth facts" demonstrating that the BCH and Sheridan Mazel intended to exclude the Parking Lot in the deed. BCH further states, because AREIT is a necessary party to release the mortgage against the Parking Lot, while relying on joinder principles, the reformation claim should survive against AREIT.

Beyond BCH's conclusory statements, BCH does not explain how or why there was an agreement between Sheridan Mazel and BCH. The Court acknowledges that the BCH alleges: (a) the language concerning the Parking Lot was not included in Rockwood's LOI; (b) the description of the property in previous PSAs was of the Apartment Building; (c) the language of the Parking Lot was stricken from a *draft* of the PSA; (d) the flyers BCH disbursed did not mentioned the Parking Lot; (e) the purchase of the Parking Lot was not discussed during negotiations; and (f) during YHCHILL's due diligence, the Parking Lot was not mentioned. Regardless of these facts, BCH fails to allege or cite to case law that negotiations or agreements Sheridan Mazel was not a party to may be imputed on Sheridan Mazel. Nor does BCH allege that Sheridan Mazel had knowledge of these agreements or negotiations. Simply put, BCH's reformation claim fails because the complaint is empty of any indication that *Sheridan Mazel* and BCH had a meeting of the minds that the parking lot was to be excluded from the transaction and deed. Although BCH mentions that the same attorney represented the purchasers from the time the PSA was formed to closing, BCH also fails to allege that the attorney knew that the parties intended to exclude the Parking Lot nor did BCH cite to case law to support Sheridan Mazel's attorney's possible knowledge should be imputed on Sheridan Mazel.

While BCH argues joinder is proper relating to AREIT, the complaint and response are absent of facts that BCH and AREIT had *any* prior agreement or why joinder would cure this pleading deficiency. BCH fails to allege a reformation claim against AREIT.

Because BCH does not allege that the parties had a meeting of the minds of an agreement to exclude the Parking Lot, the Court does not address the Illinois Supreme Court's other two reformation requirements. The Court grants AREIT's and BCH's motions to dismiss, without prejudice. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) (explaining courts generally do not terminate a case when granting a defendant's motion to dismiss, instead courts will give the plaintiff an opportunity to amend their complaint).

*Unjust Enrichment*

The Court similarly dismisses Plaintiffs' unjust enrichment claim, without prejudice. Pursuant to Illinois law, unjust enrichment cannot serve as a separate cause of action that justifies recovery. *Toushin v. Ruggiero*, 2021 IL App (1st) 192171, ¶ 80, 2021 WL 2718495, at *13 (1st Dist. 2021).

**Conclusion**

For the reasons above, the Court grants Sheridan Mazel's and AREIT's motion to dismiss [16][22], without prejudice. BCH has 30 days to cure the deficiencies stated herein.

IT IS SO ORDERED.

Date: 3/8/2024

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge

5